**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

WARDELL LEROY GILES,        :
        :
    Plaintiff,           :
        :
      v.            : Civ. No. 17-492-RGA
        :
KIRK NEAL, et al.,         :
        :
    Defendants.       :
        :

―――――――――――――――――――――――――――――――――――――

Wardell Leroy Giles, James T. Vaughn Correctional Center, Smryna, Delaware, Pro Se Plaintiff.

**MEMORANDUM OPINION**

October 3 , 2017
Wilmington, Delaware

**ANDREWS, U.S. District Judge:**

Plaintiff Wardell Leroy Giles, an inmate at the James T. Vaughn Correctional Center in Smyrna, Delaware, filed this action pursuant to 42 U.S.C. § 1983.[1]  He appears *pro se* and has been granted leave to proceed *in forma pauperis*.  (D.I. 8).  The Court proceeds to review and screen the Complaint (D.I. 1) pursuant to 28 U.S.C. § 1915(e)(2)(b) and § 1915A(a).  Plaintiff has also filed a request for counsel (D.I. 15) and a motion for emergency injunctive relief (D.I. 17).

## BACKGROUND

Plaintiff raises excessive force claims against Defendants Kirk Neal and John Doe Quick Response Team Members as a result of the actions they took against him on April 12, 2017.  He also names Deputy Warden Pierce as a defendant.

## SCREENING OF COMPLAINT

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions).  The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff.  *Phillips v. County of*

---

[1]When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988).

*Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(I) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 U.S. at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *see, e.g., Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the Court must grant Plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544

2

(2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, __U.S.__, 135 S.Ct. 346, 347 (2014). A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 346.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotations omitted). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## DISCUSSION

The Complaint contains no allegations against Pierce, a supervisory official. *See Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (individual government defendant in a civil rights action must have personal involvement in the alleged wrongdoing; liability cannot be predicated solely on the operation of respondeat superior.). Therefore, Pierce will be dismissed as a defendant as the claim against him is legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1). Plaintiff has alleged what appear to be cognizable excessive force claims against the remaining defendants.

3

## REQUEST FOR COUNSEL

Plaintiff seeks counsel to assist him with discovery and to better articulate his claims. A *pro se* litigant proceeding *in forma pauperis* has no constitutional or statutory right to representation by counsel.[2] *See Brightwell v. Lehman*, 637 F.3d 187, 192 (3d Cir. 2011); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). However, representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law. *Tabron*, 6 F.3d at 155.

After passing this threshold inquiry, the Court should consider a number of factors when assessing a request for counsel. Factors to be considered by a court in deciding whether to request a lawyer to represent an indigent plaintiff include: (1) the merits of the plaintiff's claim; (2) the plaintiff's ability to present his or her case considering his or her education, literacy, experience, and the restraints placed upon him or her by incarceration; (3) the complexity of the legal issues; (4) the degree to which factual investigation is required and the plaintiff's ability to pursue such investigation; (5) the plaintiff's capacity to retain counsel on his or her own behalf; and (6) the degree to which the case turns on credibility determinations or expert testimony. *See Montgomery v. Pinchak*, 294 F.3d 492, 498-99 (3d Cir. 2002); *Tabron*, 6 F.3d at 155-56. The list is not exhaustive, nor is any one factor determinative. *Tabron*, 6 F.3d at 157.

---

[2]*See Mallard v. United States Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296 (1989) (§ 1915(d) (now § 1915(e)(1)) does not authorize a federal court to require an unwilling attorney to represent an indigent civil litigant, the operative word in the statute being "request.").

Assuming, solely for the purpose of deciding this motion, that Plaintiff's claims have merit in fact and law, several of the *Tabron* factors militate against granting his request for counsel. After reviewing Plaintiff's complaint, the Court concludes that the case is not so factually or legally complex that requesting an attorney is warranted. In addition, Plaintiff has ably represented himself to date and this case is in its early stages. Therefore, the Court will deny Plaintiff's request for counsel without prejudice to renew. Should the need for counsel arise later, one can be sought at that time.

## MOTION FOR INJUNCTIVE RELIEF

Plaintiff seeks injunctive relief. (D.I. 17). He states that non-parties Sgt. Aspinall, Officer Pfleegor and others have retaliated against him and he is being treated cruelly and inhumanely. Plaintiff explains that this retaliation occurred when he was moved from the infirmary dorm to an isolation cell designed for inmates with contagious and airborne diseases that is sometimes used for disciplinary action. Plaintiff alleges that he was transferred as a result of litigation he has filed against the foregoing non-parties' co-workers and friends.

A preliminary injunction is "an extraordinary remedy that should be granted only if: (1) the plaintiff is likely to succeed on the merits; (2) denial will result in irreparable harm to the plaintiff; (3) granting the injunction will not result in irreparable harm to the defendant; and (4) granting the injunction is in the public interest." *NutraSweet Co. v. Vit-Mar Enterprises, Inc.*, 176 F.3d 151, 153 (3d Cir. 1999). "[F]ailure to establish any element in [a plaintiff's] favor renders a preliminary injunction inappropriate." *Id.* Furthermore, because of the intractable problems of prison administration, a request for injunctive relief in the prison context must be viewed with considerable caution. *Rush v.*

5

*Correctional Med. Services, Inc.,* 287 F. App'x 142, 144 (3d Cir. 2008) (citing *Goff v. Harper,* 60 F.3d 518, 520 (8th Cir. 1995)).

Plaintiff seeks injunctive relief against individuals who are not parties to this action and who are not mentioned as participating in the events described in Plaintiff's Complaint. Should Plaintiff wish to seek relief against Aspinall, Pfleegor, and others, his remedy is to commence a separate lawsuit against them. Accordingly, the Court will dismiss without prejudice the motion for injunctive relief.

## CONCLUSION

For the above reasons, the Court will: (1) dismiss the claims against Deputy Warden Pierce as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1); and (2) allow Plaintiff to proceed against Kirk Neal and John Doe Quick Response Team Members. In addition, the Court will deny Plaintiff's request for counsel without prejudice to renew and will dismiss without prejudice the motion for injunctive relief. (D.I. 15, 17).

An appropriate order will be entered.